IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) ) | **ORDER APPOINTING COUNSEL AND DIRECTING RESPONSE** |
| Plaintiff, | ) ) |  |
| vs. | ) ) | Crim. File No. 2:05-cr-90 |
| Loren Longie | ) ) |  |
| Defendant. | ) ) |  |

Before the Court are *pro se* motions by Defendant Loren Longie, requesting vacation of his sentence (Doc. #50) and equitable tolling of the time limitation to file such a motion (Doc. #52).

Mr. Longie was convicted by jury verdict of involuntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153.  On December 22, 2005, he was sentenced to 72-months imprisonment.  He has persisted in his legal innocence throughout these proceedings.

A petition for review under 28 U.S.C. § 2255 is subject to a 1-year period of limitation. The limitation period runs from the latest of:

      1) the date on which the judgment of conviction becomes final;

      2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, there are no allegations that indicate 2), 3), or 4) are applicable. Furthermore, Mr. Longie acknowledges that his January 7, 2008 petition was filed well in excess of one year from January 9, 2006, the date on which his conviction became "final." However, Mr. Longie alleges that from the date of his conviction until approximately October 26, 2007, he had been misled by defense counsel into believing an appeal was pending before the Eighth Circuit Court of Appeals.

Equitable tolling may apply to a § 2255 petition where "extraordinary circumstances" beyond a prisoner's control prevent timely filing. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). Though ineffective assistance of counsel has not generally been considered an extraordinary circumstance, serious attorney misconduct could warrant equitable tolling. Id. Here, Mr. Longie's affidavit is ambiguous, stating that "Mr. Rosenquist misled me into believing that I had an appeal pending in the Eighth Circuit," but then stating consistently that he was "under the impression," or had assumed, that a Notice of Appeal would be filed. Whether the conduct of Mr. Rosenquist created the "extraordinary circumstances" in Martin cannot be definitively determined based on the record.

Due to these circumstances, the Court considers it necessary for the United States to respond on this matter. Therefore, the United States is hereby notified of Mr. Longie's § 2255 petition and is directed to respond on the issue of the timeliness of this petition by Friday, May 2, 2008. Furthermore, the Court hereby directs the Clerk to appoint counsel for Mr. Longie as soon as possible.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2008.

>  */s/     Ralph R. Erickson*
> Ralph R. Erickson, District Judge
> United States District Court